## STATE v THORPE

Ohio Appeals, 9th Dist, Summit Co

No 2842.   Decided Oct 8, 1936

Herman E. Werner, Pros. Atty., Akron, and James M. Hinton, Asst. Pros. Atty., Akron, for appellee.

A. K. Meck, Dayton, for appellant.

### OPINION

By WASHBURN, J.

Appellant was indicted in Summit County for the crime of libel, and, upon trial, was found guilty.

Appellant filed a motion for a new trial, which was overruled, and he was sentenced to confinement in the penitentiary for a period of not less than two years nor more than five years; and immediately after said sentence, appellant requested the court to suspend the execution of said sentence and admit him to bail, which request the court denied, and the appellant was taken to the penitentiary and is there now.

Immediately thereafter appellant perfected an appeal to this court on the ruling of the court below upon the application to suspend execution of sentence and admit to bail, which is the case hereinbefore captioned and another appeal on questions of law arising during the trial, which case is No. 2843, State v Thorpe.

No bill of exceptions has as yet been prepared, and the matter is before this court now upon the question as to whether or not the court erred in refusing to suspend execution of sentence and admit to bail, and also upon a request made to this court in the appeal on the merits (No. 2843) to make an order suspending the execution of sentence and admit the appellant to bail.

There being no bill of exceptions, all that we know of the facts of the case is what appears in the transcript of the proceedings of the trial court, and what the attorneys have said in brief and argument. It is conceded that there is no constitutional provision or statute of the state which gives to the appellant the absolute right to have the execution of sentence suspended and be admitted to bail, and it is further conceded that while the trial court had authority to make such an order, it is within the discretion of said court to grant or refuse such order, and that this

court may not reverse the ruling of the trial court upon that question unless we find that there has been an abuse of the discretion.

The claim made in argument is not that the appellant did not commit the offense charged, but that he did not commit such crime in the County of Summit. We do not have before us the facts which would enable us to determine that question as a matter of law, but from what we learn of the facts from the argument and briefs of counsel, we are unable to reach the conclusion that there is a sufficient probability of the trial court's being in error in its rulings with reference to whether the crime was committed in Summit County to warrant us in saying that the trial court abused its discretion in refusing to suspend the execution of sentence.

As to the request that this court make such an order:

Assuming, without deciding, that we have the power to make such an order, we are unable, with our present knowledge with reference to the case, to reach the conclusion that we ought to make such an order. The trial court had full knowledge of all the facts in the case and of all that occurred at the trial, and refused to exercise its discretion in favor of the appellant, and no good reason is advanced in briefs or argument why we should reach a conclusion other than that reached by the trial court; and therefore the request made to this court to suspend execution of sentence and admit to bail is refused.

If counsel will expedite the preparation of this cause, the court will advance and hear the same at an early date, so that if any injustice is being done to the appellant by the failure of the court to exercise its discretion in his favor, it will be minimized as much as possible. We know of no good reason why the cause may not be ready for final submission within three weeks, and the court will act promptly and dispose of the case as soon as it is possible to do so. In case No. 2842, which involves only the question of the trial court's refusal to suspend sentence and admit to bail, the judgment is affirmed.

In case No. 2843, the application made to this court to suspend sentence and admit to bail, is refused.

FUNK, PJ, and STEVENS, J, concur in judgment.